UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHANTE COSTON,

                              Plaintiff,

              -against-

NYS DOCCS,

                              Defendant.

20-CV-350 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Downstate Correctional Facility, submitted a letter to this Court that the Clerk's Office treated as a complaint and opened as a new civil action.[1] By order dated February 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Because Plaintiff did not submit the filing fees or a completed *in forma pauperis* (IFP) application and prisoner authorization, it was not clear that Plaintiff intended to file a new civil action. On January 16, 2020, the Court directed Plaintiff to either pay the fee or submit the documents necessary to seek IFP status, if his intention was to file a new civil action. The court received those documents from Plaintiff on February 3, 2020.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Because Plaintiff's submission is in the form of a letter, it is not clear who the defendants are in this action. Plaintiff sets forth the following facts. On December 27, 2019, the sergeant on

duty forced Plaintiff to leave the mess hall line and return to his housing unit, and said to Plaintiff, "shut the hell up!" Sgt. Merrit made "harsh comments" about Plaintiff's religion, such as, "You're a little Muslim, you'll be okay." Officer Cannon said that she would look into getting Plaintiff a food tray, because he had been forced off the mess hall line before he had received any food. But "no porter had a tray for" him, and all Plaintiff had to eat was "bread & juice" that another prisoner gave him. Plaintiff's "keeplock status did not come w/ a ticket, therefore [his] keeplock was illegal & unofficial." Plaintiff alleges that he has "been treated unfairly and harshly."

## DISCUSSION

### A.     Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A plaintiff proceeding under § 1983 must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

(1) the defendant participated directly in the alleged constitutional violation,
(2) the defendant, after being informed of the violation through a report or appeal,
failed to remedy the wrong, (3) the defendant created a policy or custom under

which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[3]

Plaintiff's letter mentions several corrections officers, but it is not clear who he intends to name as defendants in this action. The Court grants Plaintiff leave to file an amended complaint to name individual defendants and to provide facts explaining how each individual was personally involved in violating his federally protected rights.

**B.    Denial of One Meal**

The Court construes Plaintiff's allegation that he was denied one meal as asserting a condition-of-confinement claim under the Eighth Amendment. "The Constitution 'does not mandate comfortable prisons' . . . but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). To establish a constitutional violation with respect to his conditions of confinement, a plaintiff must allege facts showing that: (1) he was incarcerated under conditions that posed an excessive risk to his health or safety, and (2) the defendant acted with deliberate indifference by knowing of and disregarding that risk. *Farmer*, 511 U.S. at 834, 837; *see Rhodes*, 452 U.S. at 347; *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002). Only "extreme deprivations" are

---

[3] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

sufficient to sustain a claim based on conditions of confinement. *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999). Ultimately, the question is whether the conditions of the prisoner's confinement violate contemporary standards of decency. *Phelps*, 308 F.3d at 185 (citing *Helling*, 509 U.S. at 35-36; *Rhodes*, 452 U.S. at 347).

Courts in this Circuit have routinely held that an isolated denial of a meal "does not give rise to a constitutional deprivation." *Rush v. Fischer*, 923 F. Supp. 2d 545, 555 (S.D.N.Y. 2013); *see also Pagan v. Quiros*, No. 11-CV-1134, 2014 WL 1057016, at *6 (D. Conn. Mar. 18, 2014); *Hankerson v. Nassau Cty. Corr. Facility*, No. 12-CV-5282, 2012 WL 6055019, at *3 (E.D.N.Y. Dec. 4, 2012); *Scarbrough v. Evans*, No. 11-CV-0131, 2012 WL 4364511, at *5 (N.D.N.Y. May 17, 2012).

Plaintiff has not alleged with any specificity how the denial of one meal posed a substantial risk of harm to him, or that the Defendants acted with deliberate indifference to an excessive risk of harm to him. Should there be any additional facts regarding this claim, Plaintiff may assert them in the amended complaint.

## C. Verbal Abuse/Harassment About Religion

Plaintiff's alleges that a number of corrections officers and sergeants harassed him verbally, spoke to him harshly, and made comments about his religion. Verbal abuse, threats, and intimidation, standing alone, without injury or damage, do not amount to a constitutional deprivation. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (name-calling without "any appreciable injury" is not a constitutional violation); *Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 325 (S.D.N.Y. 2006) ("verbal intimidation does not rise to the level of a constitutional violation"); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate,

unprofessional or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U. S. C. § 1983") (citation omitted).

While such conduct by corrections staff is abhorrent, verbal harassment alone does not give rise to a constitutional violation under § 1983.

Plaintiff's claim about harassing comments regarding his religion arguably implicates the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*. For a Free Exercise claim under the First Amendment, the question at the pleading stage is whether the plaintiff has alleged facts showing that "defendants significantly interfered with [plaintiff's right to exercise his] religious beliefs." *McEachin v. McGuinnis*, 357 F.3d 197, 2003 (2d Cir. 2004). RLUIPA "prohibits a state or local government from taking any action that substantially burdens the religious exercise of an institutionalized person unless the government demonstrates that the action constitutes the least restrictive means of furthering a compelling governmental interest." *Holt v. Hobbs*, 135 S. Ct. 853, 859-60, 862 (2015).

Plaintiff's assertions that a corrections officer made negative comments about his religion are insufficient to state plausible claims for relief under RLUIPA or the First Amendment. Plaintiff's allegations do not suggest that corrections officers substantially burdened or interfered with his religious practices. The Court grants Plaintiff leave to replead to state claims under RLUIPA and the First Amendment. Should he choose to amend his complaint, he must allege any facts showing that individuals named as defendants substantially burdened or interfered with his religious practices.

**D.    Keeplock Status**

The Court construes as a due process claim Plaintiff's assertion that his keeplock status is unlawful. "In a § 1983 suit brought to enforce procedural due process rights, a court must

6

determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is

due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d

Cir. 2011) (citation omitted). The threshold question for a due process claim "'is always whether

the plaintiff has a property or liberty interest protected by the Constitution.'" *Perry v. McDonald*,

280 F.3d 159, 173 (2d Cir. 2001) (quoting *Narumanchi v. Bd. of Trs. of the Conn. State Univ.*,

850 F.2d 70, 72 (2d Cir. 1988)).

> For prison disciplinary proceedings where a liberty or property interest is implicated,
>
> an inmate is entitled to advance written notice of the charges against him; a
> hearing affording him a reasonable opportunity to call witnesses and present
> documentary evidence; a fair and impartial hearing officer; and a written
> statement of the disposition, including the evidence relied upon and the reasons
> for the disciplinary actions taken.

*Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (relying on *Wolff v. McDonnell*, 418 U.S. 539

(1974)). Convicted prisoners do not have a liberty interest in a disciplinary hearing unless the

punishment subjects them to "atypical and significant hardship . . . in relation to the ordinary

incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "'[R]estrictive

confinements of less than 101 days do not generally raise a liberty interest warranting due

process protection, and thus require proof of conditions more onerous than usual.'" *Washington

v. Afify*, No. 15-4145, 2017 WL 730268, at *1 (2d Cir. Feb. 23, 2017) (summary order).

Plaintiff does not provide sufficient facts for the Court to determine whether he can state

a due process claim. His letter does not explain why he was placed in keeplock, whether there

were any disciplinary proceedings and, if so, why they were inadequate. In addition, Plaintiff

does not allege that the conditions under which he is living are an "atypical and significant

hardship . . . in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484, or that

the conditions he endured "were more onerous than usual[,]" *Washington*, 2017 WL 730268, at *1.

The Court grants Plaintiff leave to amend the complaint to provide more facts in support of his disciplinary due process claim.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-350 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   March 11, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                            State                        Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 2:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 3:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 4:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                               Plaintiff's Signature

_____
First Name                          Middle Initial           Last Name

_____
Prison Address

_____
County, City                                        State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____